UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-145-TAV-JEM |
| | ) | |
| RICHARD GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Richard Graham's pro se Request for Production of Documents from Petitioner's Former Attorney [Doc. 77] and pro so Request for Courtesy Copy of Court Sentencing Transcripts [Doc. 78].[1] On August 1, 2023, United States District Judge Thomas A. Varlan referred these motions to the undersigned for determination or recommendation [Doc. 80]. *See* 28 § U.S.C. §636(b).[2] The undersigned **RECOMMENDS** that the District Judge **DENY** Defendant's Request for Production of Documents from Petitioner's Former Attorney [Doc. 77] and Request for Courtesy Copy of Court Sentencing Transcripts [Doc. 78].

---

[1] Although he refers to himself as "Petitioner," the undersigned will refer to the movant as "Defendant" because he has not filed a petition for post-conviction relief. Defendant submitted unsigned motions, which were returned to him on April 10, 2023 [Doc. 76]. Defendant subsequently resubmitted the motions, signing the Declaration submitted with his motion for documents from counsel [Doc. 77 p. 3] and his motion for transcripts [Doc. 78 p. 1]. It appears that the signature page for his motion for documents from counsel is attached to his motion for transcripts [*Id*. at 2].

[2] A magistrate judge may make a recommended disposition on "applications for post[-]trial relief by individuals convicted of criminal offenses[.]" 28 U.S.C. § 636(b)(1)(B).

By way of background, in 2019, Defendant pleaded guilty to two counts of aggravated sexual assault [Doc. 27]. The Court sentenced Defendant to 230 months of imprisonment [Doc. 61], and the Sixth Circuit Court affirmed the sentence on direct appeal in December 2021 [Doc. 74]. On April 21, 2023, Defendant submitted motions to this Court, seeking documents from his prior counsel as well as transcripts [Docs. 77 & 78]. Defendant asserts that he is entitled to the production of documents from his former attorney to prepare for unspecified litigation [Doc. 77 p. 1]. Defendant states that he has requested these documents but "they have not yet been provided to him in a timely manner" and to not provide these documents to him, which he has no other way of obtaining due in part to his incarceration, "would be a miscarriage of justice" [*Id.*]. Defendant also requests courtesy copies of the sentencing transcripts to prepare for unspecified litigation that "he intends to bring before the court seeking relief [to which] he beli[e]ves that he is entitled" [Doc. 78]. Defendant argues that he is unable to afford the costs of obtaining the transcripts, has no source of income due to his incarceration, and "would be prejudiced without having access to a copy of his transcripts" as they "would be at the very heart" of his argument for relief [*Id.*].

On May 9, 2023, the Government responded in opposition to Defendant's motions [Doc. 79]. The Government argues that Defendant is not entitled to free transcripts nor the documents from his former attorney because he has not filed a motion under 28 U.S.C. § 2255 and has not established any other "nonfrivolous" legal claim for receiving the documents [*Id*. at 2–3].

The Sixth Circuit has continually held that individuals do not have a right to receive transcripts at the government's expense where there is no pending motion to vacate a sentence pursuant to 18 U.S.C. § 2255. *See Silvers v. United States*, Nos. 1:09-cv-134 & 1:02-cr-43, 2010 WL 1491955, at *2 (E.D. Tenn. Apr. 14, 2010) (citing *United States v. MacCollom*, 426 U.S. 317, 327 (1976) and collecting cases inside and outside the Sixth Circuit); *see also Corrigan v. Thoms*,

2

Case 3:19-cr-00145-TAV-JEM   Document 81   Filed 08/30/23   Page 2 of 4   PageID #: 2028

55 F. App'x 754, 756 (6th Cir. 2003); *United States v. Wilson*, 49 F. App'x 612, 613 (6th Cir. 2002); *United States v. Alcorn*, 10 F. App'x 248, 248–49 (6th Cir. 2001); *United States v. Cook*, 3 F. App'x 449, 451 (6th Cir. 2001); *Lucas v. United States*, 423 F.2d 683, 684–85 (6th Cir. 1970); *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963). Defendants are entitled to transcripts at the government's expense for habeas corpus proceedings or those brought under the Criminal Justice Act, if permitted to proceed in forma pauperis. 28 U.S.C. § 753(f). For movants proceeding under § 2255, transcripts shall be provided at the government's expense, if the movant is permitted to proceed in forma pauperis and the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *Id*. For other proceedings, transcripts shall be provided for free to individuals permitted to appeal in forma pauperis "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." *Id*. "Conclusory allegations in support of a request for free transcripts do not satisfy these requirements." *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) (citing *MacCollom*, 426 U.S. at 327).

Here, Defendant has not brought a § 2255 motion, habeas petition, or other motion that entitles him to receive a free transcript. Defendant has not stated his purpose for seeking the sentencing transcripts except to state that they are "the very heart of his argument for the relief" to which he believes he is entitled [Doc. 78]. This bare assertion does not permit the undersigned to evaluate whether Defendant's claim is frivolous. Therefore, without providing a legal basis to support his claim, Defendant is not entitled to a transcript at the government's expense.

Similarly, "[t]here is no support for the proposition that a defendant is entitled to have his court-appointed counsel supply him with any and all documents the defendant requests for the sole purpose of hunting through them for issues that may be raised in an as-yet filed collateral challenge

3

to the conviction." *Cook*, 3 F. App'x at 451. Indeed, "[i]t is assumed that, absent special circumstances, a man in custody can recall sufficiently the circumstances of a nonfrivolous error to frame an appropriate motion to vacate sentence." *Lucas*, 423 F.2d at 684 (citations omitted).

Without a § 2255 motion or other nonfrivolous claim for relief, Defendant has not provided any legal support for his request, including the sentencing transcript and documents from his former attorney. Accordingly, the undersigned respectfully **RECOMMENDS** that the District Judge **DENY** Defendant's pro se Request for Production of Documents from Petitioner's Former Attorney [Doc. 77] and pro so Request for Courtesy Copy of Court Sentencing Transcripts [Doc. 78].[3] The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to Defendant at the return address listed on the envelope in which he sent his motions [Doc. 77 p. 2].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).